**LINKS:**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6402 GAF (CWx) | Date | July 1, 2014 |
|---|---|---|---|
| Title | Trent Childs v. City of Los Angeles, et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **(In Chambers)**

**ORDER RE: BANE ACT CLAIM**

    This is a case in which the Plaintiff alleges that LAPD officers, among other things, violated his right to be free from unlawful seizure through the use of excessive force in effectuating his arrest. The complaint contains a federal claim for use of excessive force in violation of the Fourth Amendment and a state law assault and battery claim. In addition, Plaintiff has included a claim under the Bane Act, California Civil Code Sec. 52.1. The Bane Act creates a cause of action in cases where a person interferes with an individual's exercise of his Constitutional rights "by threats, intimidation, or coercion." The Court questioned whether the Bane Act was intended to apply in cases where the constitutional violation itself, as in the case of the use of excessive force, inherently involved some form of threat, intimidation or coercion and where remedies for such violations have long been a part of the legal landscape. The Court requested briefing on the question from Plaintiff.

    Plaintiff has responded and asserts that an unlawful arrest does not necessarily involve the use of force and therefore one that does establishes a Bane Act claim. Plaintiff relies principally on Bender v. County of Los Angeles, 217 Cal. App. 4th 968, 980-81 (2013) and attempts to distinguish Shoyoye v. County of Los Angeles, 203 Cal. App. 4th 947 (2012) and this Court's decision in Gant v. County of Los Angeles, 765 F. Supp. 2d 1238 (C.D. Cal. 2011).

    Plaintiff's argument ignores the principal thrust of Shoyoye and Gant. Those cases acknowledged that even a false arrest without the use of force contains an element of coercion because it requires submission to a law enforcement officer's exercise of authority. The question is whether the Bane Act was meant to establish a redundant cause of action where remedies for the wrongful behavior already exist, or whether it was meant to do something else. In addressing that question, this Court in Gant looked to the model for the California statute –

LINKS:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6402 GAF (CWx) | Date | July 1, 2014 |
|---|---|---|---|
| Title | Trent Childs v. City of Los Angeles, et al. | | |

the Massachusetts Civil Rights Act of 1979, and decisions construing that act.  The Court noted that Massachusetts case law held that the act did not apply even in cases alleging the use of excessive force.  Longval v. Comm'r of Corr., 404 Mass. 325, 535 N.E.2d 588, 590 (1989). Quoting from that case, this Court wrote:

> Thus, it held, "we see no coercion, within the meaning of the State Civil Rights Act, simply from the use of force by prison officials, authorized to use force, in order to compel a prisoner to do something he would not willingly do, even if it turns out that the official had no lawful right to compel the prisoner to take that action." Id. Because the use of force was intrinsic to the alleged violation itself, it did not also satisfy the additional "force" or "coercion" element of the statute.

765 F. Supp. 2d at 1253.  The Shoyoye court found this analysis persuasive.  203 Cal. App. 4th at 960.

The Court acknowledges that Bender takes a different view and distinguishes Shoyoye and Gant on the ground that neither contained an excessive force claim.  Referring to Gant and several other district court cases, Bender states that the cases "involve either unlawful arrests without excessive force, or otherwise lawful arrests accompanied or followed by the use of excessive force, or no Fourth Amendment violation at all."  217 Cal. App. 4th at 979-80.  But that observation does not address the underlying question posed in Gant: was the statute directed at conduct already the subject of a remedial scheme, or was it meant to cover conduct and provide remedies where none had previously existed.  This Court's review of Massachusetts law suggested that the legislature was seeking to achieve the latter objective, and Bender does not persuade this Court otherwise.

For these reasons, the Bane Act claim is **DISMISSED**.

**IT IS SO ORDERED.**